UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORENZO ARMANDO FERNANDO PEREZ,<br><br>　　　　　　　　Petitioner,<br><br>　v.<br><br>KRISTI NOEM, *et al.*,<br><br>　　　　　　　　Respondents. | Case No. 26-cv-00770-BAS-BLM<br><br>**ORDER:**<br><br>**(1) REQUIRING THE GOVERNMENT TO RESPOND TO PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 1);**<br><br>**(2) SETTING BRIEFING SCHEDULE ON MOTION FOR INJUNCTIVE RELIEF (ECF No. 2);**<br><br>**(3) PROVIDING NOTICE UNDER RULE 65(a)(2); AND**<br><br>**(4) SETTING HEARING ON PETITION AND MOTION FOR INJUNCTIVE RELIEF** |

　　　Petitioner Lorenzo Armando Fernando Perez filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  In his Petition, Petitioner claims that

he is being detained by Immigration and Customs Enforcement ("ICE") in violation of immigration regulations and *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.*)

In addition, Petitioner filed a Motion for Temporary Restraining Order ("Motion for Injunctive Relief"). (ECF No. 2.) Petitioner asks the Court to order his immediate release. (*Id.*)

Having reviewed the Petition, the Court finds summary dismissal is unwarranted at this time. *See Kourteva v. INS*, 151 F. Supp. 2d 1126, 1128 (N.D. Cal. 2001) ("Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false."). Therefore, the Court will order the Government to respond to the Petition.

Turning to the Motion for Injunctive Relief, the Court denies the *ex parte* request for a temporary restraining order. *See* Fed. R. Civ. P. 65(b). "While temporary restraining orders may be heard in true *ex parte* fashion (i.e., without notice to an opposing party), the Court will do so only in extraordinary circumstances. The Court's strong preference is for the opposing party to be served and afforded a reasonable opportunity to file an opposition." Standing Order for Civil Cases § 9; *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974) (discussing *ex parte* temporary restraining orders and their "stringent restrictions"); *accord Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (same). Thus, the Court will instead consider the Motion for Injunctive Relief under Rule 65(a) and provide the Government with an opportunity to respond.

In addition, the Court provides notice to the parties that it intends to consolidate the Motion for Injunctive Relief with a determination on the merits under Rule 65(a)(2). *See* Fed. R. Civ. P. 65(a)(2); *see also Slidewaters LLC v. Wash. State Dep't of Lab. & Indus.*, 4 F.4th 747, 759 (9th Cir. 2021) (noting the court can invoke Rule 65(a)(2) by giving "clear and unambiguous notice").

Accordingly, the Court **ORDERS** as follows:

1. The Government must file a response to the Petition and the Motion for Injunctive Relief no later than **February 17, 2026**. The Government's response must address the allegations in the Petition and must include any documents relevant to the determination of the issues raised in the Petition.

2. Petitioner may file a reply in support of his Petition and the Motion for Injunctive Relief no later than **February 23, 2026**.

3. The parties must appear in Courtroom 12B on **February 27, 2026**, at 11:30 a.m. for a hearing on the Petition.

4. The Court confirms appointment of Federal Defenders of San Diego, Inc., as counsel for Petitioner under Chief Judge Order No. 134 (S.D. Cal. Nov. 18, 2025).

The Clerk of Court shall provide the Civil Division of the U.S. Attorney's Office with a copy of the Petition (ECF No. 1), the Motion for Injunctive Relief (ECF No. 2), and this Order.

**IT IS SO ORDERED.**

**DATED: February 9, 2026**

**Hon. Cynthia Bashant, Chief Judge**
**United States District Court**